IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DANIEL ST. CLAIR** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:25-CV-106-P** |
| | § | |
| **LEONARD BERNARD GEORGE** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND

Pending before the Court is *pro se* Plaintiff Daniel St. Clair's Motion for Remand [doc. 9], filed March 10, 2025.[1] Having carefully consider the motion and response, the Court recommends that Plaintiff's motion be **DENIED** for the reasons stated in Defendant's response.[2] Specifically, the Court notes that, pursuant to 28 U.S.C. 1446(b)(3), Defendant timely removed the case from state court well within 30 days after Defendant received a copy of Plaintiff's state-court amended petition from which it first could ascertain that the case is one which had become removable. In addition, none of the exhibits listed by Plaintiff in his motion to dismiss qualify as "other paper" under 28 U.S.C. 1446(b)(3) that would have started the time limit running for the case to be removed prior to the filing of Plaintiff's amended petition in state court. *See*, *e.g.*, *Zea v. Avis Rent a Car Sys., Inc.*, 435 F. Supp. 2d 603, 606 (S.D. Tex. 2006); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992); *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

---

[1] On February 26, 2024, Plaintiff commenced this action by filing a Petition in the Justice Court, Precinct 7, of Tarrant County, Texas under cause no. JP07-24-SC00011554. (Defendant's Notice of Removal ("Def.'s Not. of Removal") at 1 & Exhibit ("Ex.") D.) On February 4, 2025, Plaintiff filed Plaintiff's First Amended Petition, which, for the first time, set forth a federal claim for relief under, *inter alia*, the Fair Housing Act. (Def.'s Not. of Removal at Ex. A, p. 2.) Defendant removed the case to this Court on February 6, 2025 [doc. 1].

[2] The Court notes that a motion to remand a case to state court has been deemed by the Fifth Circuit Court of Appeals to be a dispositive matter. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("We therefore join the uniform view of the courts of appeals that have considered this question and hold that a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been served with a copy of such FCR. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 8, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED April 24, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE